### PRINCE MANUF'G CO. *v.* PRINCE'S METALLIC PAINT CO.

(*Supreme Court, General Term, First Department.*    January 28, 1889.)

TRADE-MARKS—INJUNCTION—DISOBEDIENCE TO.

An injunction restraining defendant from using a trade-mark contained a provision forbidding it from inserting in the newspapers advertisements denying the right of plaintiff to use the designation, "Prince's Metallic Paint." Defendant advertised: "We desire to state that the recent decision * * * in a suit brought against us by our competitors in trade is not a final disposition of the case," and in reference to other decisions by the courts of another state said: "In these cases our right to use our corporate name and trade-mark were fully sustained, and we are confident that upon the final hearing of the case upon its merits our rights in the city of New York will also be sustained by the New York court." *Held*, a violation of the injunction.

Appeal from special term, New York county.

For facts see *Manufacturing Co.* v. *Paint Co., ante*, 348.    Defendant appealed from an order adjudging defendant and Edward Barclay guilty of contempt in violating a preliminary injunction.

Argued before BRADY and MACOMBER, JJ.

*John Frankenheimer*, for appellant.    *J. Davenport*, for respondent.

BRADY, J.    The injunction, among other inhibitions, restrained the defendant and others from inserting in the newspapers advertisements denying the right of the plaintiff to use the designation "Prince's Metallic Paint." The allegation of the plaintiff was that this part of the injunction order had

been violated by an advertisement in the papers in which the plaintiff's right to the trade-mark was denied. The learned justice, on considering the evidence, determined that the violation complained of was complete. And so it appears upon an examination of the advertisement in question. It was so apparent, indeed so flagrant, that it is hardly worth serious consideration. The defendant said: "We desire to state that the recent decision by Judge LAWRENCE in a suit brought against us by our competitors in trade is not a final disposition of the case." And then in reference to a recent decision in the Philadelphia courts it is said: "In these cases our right to use our corporate name and trade-mark were fully sustained, and we are confident that upon the final hearing of the case upon its merits our rights in the city of New York will also be sustained by the New York court." This was a substantial denial of the right of the plaintiff to use the designation, and the decision of the court below was not only proper but imperatively demanded by the evidence. For these reasons the order should. be affirmed, with $10 costs and disbursements.